DOHERTY, et al, Respondents, v. AUTOMOBILE INS. CO. OF HARTFORD, CONN., Appellant.

(227 N. W. 71.)

(File No. 6690.   Opinion filed October 15, 1929.)

*L. E. Waggoner,* of Sioux Falls, for Appellant.
*Windsor Doherty,* of Winner, for Respondents.

FULLER, C. Whether the insured, in a statutory form of fire insurance policy, who has submitted his claim for loss to appraisers and received the award by them agreed upon, may, in an independent action, recover penalty and interest thereon, is a question to which we believe this appeal may be properly narrowed. Rev. Code 1919, § 9195, provides in part:

"*Penalty for Failure to Pay Loss.* Whenever any fire insurance company, doing business in the state, fails to pay any loss incurred by it upon any policy issued by it for insurance against loss by fire within sixty days after notice in writing that a loss has occurred, * * * the party suffering such loss upon such policy shall be entitled to recover from such insurance company ten per cent in excess of the amount of such loss, in any court of competent jurisdiction. * * * If such company shall within sixty days after receiving such notice in writing offer in writing to pay a fixed sum, being the full amount of the loss sustained by the insured under such policy, and the insured shall refuse to accept the same, then in any action thereafter brought for such loss, should such insured recover a less sum as his loss under such policy than the amount so offered, the insurance company shall recover its costs. * * *"

And Rev. Code 1919, § 9199, providing a standard form of fire insurance policy, contains provisions which are a part of the insurance contract here, as follows:

"In the event of disagreement as to the amount of loss the same shall, as above provided, be ascertained by two competent and disinterested appraisers, the assured and this company each selecting one, and the two so chosen shall first select a competent and disinterested umpire; the appraisers together shall then estimate and appraise the loss, * * * and, failing to agree, shall submit their differences to the umpire; and the award in writing of any two shall determine the amount of such loss; * * * and the loss shall not become payable until sixty days after the notice, ascertainment, estimate and satisfactory proof of the loss herein required have been received by this company, including an award by appraisers when appraisal has been required."

We have not been heedless of the extremely thorough arguments which have been submitted by counsel, and the several authorities which have been cited; but we find nothing suggested to create a doubt of what appears to be the simple and inescapable meaning of the foregoing provisions of statute and of the insurance contract. Accepting, for the purpose of discussion, the respondent's view of the facts, we take it that the appellant insurance company, after the fire, unreasonably delayed payment of the loss; that it unduly delayed acceptance of the insured's offer to arbitrate; that there was a difference of opinion as to what items of loss were payable, and that the position of the insurance company, in this behalf, was without merit; that the insured first commenced and then dismissed an action on the policy; that arbitrators or appraisers were then appointed by agreement, in conformity with the provisions of the policy; that the loss was determined at $4,600, and that the insured, before receiving that sum, made known his belief of legal right, and of his intention to recover the penalty and interest, for which this action was successfully commenced and maintained by him in the trial court.

The purpose of section 9195, supra, was to impose upon a party to the insurance contract a penalty in the one case, and costs in the other, where he needlessly has subjected the other to litigation. If the company did not respond to its contractual duty of paying the loss in 60 days after notice thereof, the insured was

to be entitled to "recover" a penalty of 10 per cent "in any court of competent jurisdiction." Conversely, if the insurer should offer to pay a fixed sum, and the insured "recover" a less sum, the costs were to be upon him. The statute thus contemplates that one method of disposition of controversy between the parties would be through the effect of trial in a court of competent jurisdiction, with the parties invited to avoid litigation by the consequence of penalty or costs. But another method of settling differences between the contracting parties was prescribed. The provisions of section 9195 must be construed with, and not apart from, the contract clauses relating to arbitration, as provided for in section 9199, supra. It may not, by any reasonable interpretation of these statutes, be said that an unqualified right in the insured to recover the penalty may attach before the amount of the loss becomes payable under the terms of the policy. By the contract provision last above quoted, the loss is not payable, in event of arbitration, until 60 days after the award of the appraisers.

Passing all transactions and occurrences which may have taken place after the loss and before the award, and those consequences of the parties' conduct which may have followed, had there been no arbitration, we must be controlled here by the fact that the disagreement was submitted to appraisers in the ordinary way, an award was made, and it was paid. Respondents' voluntary election to arbitrate was an acceptance of the policy terms applicable to arbitration, including the provision last mentioned. As the payment was made in 60 days after the award, no penalty was recoverable by the insured, who is respondent here.

With respect to interest, the respondent does not contend that interest is payable in any event, and it appears to be a general rule or ordinary text (33 C. J. p. 147) that interest is allowable only from the time when, under the policy, the amount to which the claimant is entitled is due and payable. But respondent urges that, under section 9195, supra, the interest is a part of the penalty prescribed by the statute. Reference is made to the fact that, when the insured first commenced an action on the policy (which was dismissed without prejudice), the insurer by its answer denied all liability under the policy, and that, by other conduct, it disputed its true liability. Cases are cited to support the proposition that a denial of liability on the part of the insurer matures the demand

for loss and damages, and that interest runs from the date of such denial. See cases cited at 33 C. J. p. 147.

Though it be assumed in this case that, by reason of the conduct of the insurer, it was, before arbitration, contingently liable for interest, the effect of the unqualified agreement of the parties to submit the dispute to appraisers, under the terms of the policy, was the adoption by them of the provision of the policy applicable to arbitration, which provision, in such event, was that the loss should not become payable until 60 days after the award. Liability for penalty and for interest is not contemplated under the statute above quoted, where the loss is paid within the time the insurer is required to make payment by the terms of the contract.

We are of the opinion that the decision below, permitting respondent to recover interest and penalty, computed on the award of appraisers, is error. The judgment and order appealed from are reversed.

SHERWOOD, P. J., and BURCH and BROWN, JJ., concur.
POLLEY and CAMPBELL, JJ., concur in result.